1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
9                  AT TACOMA

10   ROBERT LEE PETERS,

11              Plaintiff,                    CASE NO. 15-cv-05198 JRC

12       v.                                   ORDER ON PLAINTIFF'S
                                              COMPLAINT
13   CAROLYN W. COLVIN, Acting
14   Commissioner of the Social Security
     Administration,
15
                Defendant.
16

17          This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

18   Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

19   Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States

20   Magistrate Judge, Dkt. 7). This matter has been fully briefed (*see* Dkts. 12, 18, 19).

21          After considering and reviewing the record, the Court concludes that although the

22   ALJ found that the limitation to simple, routine and repetitive tasks addresses the

23   concentration and persistence limitations of plaintiff, this finding is not supported by

24

ORDER ON PLAINTIFF'S COMPLAINT - 1

1  substantial evidence in the record as a whole and constitutes legal error as it is contrary to

2  Ninth Circuit law. Just because the tasks are simple does not mean that an individual does

3  not need to persist in doing them in order to be able to perform the work.

4      Plaintiff contends that instead of properly considering the objective medical

5  assessments in the record, the ALJ improperly focused on plaintiff as a "bad person" (*see*

6  Reply, Dkt. 19, p. 7). Because of plaintiff's history of substance abuse, plaintiff has not

7  challenged the ALJ's adverse credibility determination (*see id.*, p. 1). Plaintiff argues

8  however, that even a person with credibility issues can be disabled.  This Court agrees.

9

10      For the reasons discussed herein, the Court concludes that the ALJ erred in his

11  assessment of the medical evidence. Therefore, this matter is reversed and remanded

12  pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further

13  consideration consistent with this order.

14  BACKGROUND

15      Plaintiff, ROBERT LEE PETERS, was born in 1962 and was 48 years old on the

16  application date of October 25, 2010 (*see* AR. 255-61). Plaintiff graduated from high

17  school and completed one year of college (AR. 61). He served two years in the Navy

18  (AR. 63).  Plaintiff has past work experience as a commercial fisherman, doing

19  maintenance work and in construction (AR. 326).

20      According to the ALJ, plaintiff has at least the severe impairments of "personality

21  disorder, posttraumatic stress disorder (PTSD), somatoform disorder, and polysubstance

22  addiction (20 CFR 416.920(c))" (AR. 13).

23

24

ORDER ON PLAINTIFF'S COMPLAINT - 2

1    At the time of the hearing, plaintiff was living with his brother in his brother's

2  home (AR. 56-57).

3                          PROCEDURAL HISTORY

4    Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant

5  to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and

6  following reconsideration (*see* AR. 117-26, 128-38). Plaintiff's requested hearing was

7  held before Administrative Law Judge Michael Gilbert ("the ALJ") on November 14,

8  2012 (*see* AR. 39-115). On July 26, 2013, the ALJ issued a written decision in which the

9  ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act since

10  his application date in October, 2010 ("the Act") (*see* AR. 7-38). The ALJ initially found

11  that plaintiff's impairments meet sections 12.06 and 12.09 of 20 C.F.R. part 404, Subpart

12  P, Appendix 1 ("the Listed impairments"), which normally would result in a finding of

13  disability (*see* AR. 13). However, subsequently in his written decision, the ALJ

14  concluded that if plaintiff stopped his substance use, plaintiff would not have an

15  impairment that meets or medically equals any of the Listed impairments (*see* AR. 15

16  (*citing* 20 CFR part 404, Subpart P, Appendix 1, 20 CFR 416.920(d))). The ALJ

17  continued with the sequential disability evaluation process, and concluded that plaintiff's

18  substance use disorder is a contributing factor material to the determination of disability

19  and because of this, plaintiff therefore was not disabled pursuant to the Act (AR. 30).

20    In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) Did the ALJ

21  err when evaluating the medical evidence; and (2) Did the ALJ fail to include all relevant

22  mental health limitations in the RFC and in questions asked of the vocational expert

("VE"), leading to an incorrect conclusion that plaintiff was able to work at the single job of a janitor (*see* Dkt. 12, p. 1).

<u>STANDARD OF REVIEW</u>

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

<u>DISCUSSION</u>

**(1) Did the ALJ err when reviewing the medical opinion evidence from State agency reviewing doctors?**

Plaintiff contends that the ALJ failed to provide any reasons for rejecting some of the opinions of the State agency non-examining doctors and yet did not include the opinions into plaintiff's residual functional capacity ("RFC") (Opening Brief, Dkt. 12, pp. 5-6). Plaintiff contends that the ALJ erred when he failed to include these limitations in the RFC.

Defendant argues that plaintiff "overstates the limiting effect of moderate limitations" (Response, Dkt. 18, p. 13). For the reasons discussed below, the Court concludes that defendant's argument is unpersuasive. In addition, the ALJ himself noted that Dr. Jan Lewis, Ph.D. "determined that the claimant was capable of understanding and remembering short and simple instructions; [h]owever, Dr. Lewis also found that

anxiety symptoms would make maintaining attention and regular attendance moderately difficult and responding to changes and stress more difficult" (AR. 26).

When discussing the opinion from Dr. Lewis, the ALJ gave "significant weight" to this opinion, even though he opined that it was not entirely consistent with the mental status examination or plaintiff's activities of daily living (*see id.*). The ALJ indicated that "excessive limits were provided for the continued sporadic use of drugs and alcohol," although the ALJ never specified what opinions of Dr. Lewis were "excessive" (*see* AR. 26-27).

As noted by the ALJ, "Dr. Michael Brown, Ph.D., a state agency consultant, affirmed Dr. Lewis' opinion in July 2011," and the ALJ gave Dr. Brown's opinion "the same weight for the same reasons" (26-27). Drs. Lewis and Brown opined in narrative form that plaintiff's "anxiety [symptoms] will make maintaining attention, regular attendance and normal [work] week moderately difficult" and that his anxiety symptoms and antisocial tendencies "will make responding to changes and stress more difficult" (AR. 122, 123, 135, 136). Although defendant contends that these limitations were the "excessive limits" noted by the ALJ, the ALJ does not specify as such and "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121

1 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied

2 on by the agency") (*citing Chenery Corp, supra*, 332 U.S. at 196).

3       Defendant also contends that there is no error because the ALJ found that the

4 limitation to simple, routine and repetitive tasks addresses adequately the concentration

5 and persistence limitations of plaintiff, "as well as the changes in routine and stress issues

6 identified by Dr. Lewis and Dr. Brown" (AR. 27). However, this finding is not supported

7 by substantial evidence in the record as a whole and is contrary to Ninth Circuit opinions.

8       In *Brink v. Comm'r of Soc. Sec. Admin.*, 343 Fed. App'x 211, 212 (9th Cir. 2009)

9

10 (unpublished opinion) (memorandum opinion), the Ninth Circuit explained that a RFC

11 limiting a claimant to simple and repetitive tasks only captures relevant limitations when

12 the RFC assessment is consistent with restrictions identified in the doctor's opinion:

13

>     In *Stubbs-Danielson* . . . ., we held that an "assessment of a claimant
14 adequately captures restrictions related to concentration, persistence, or
pace where the assessment is consistent with the restrictions identified in
15 the medical testimony. *Stubbs-Danielson, supra*, 539 F.3d at 1174. The
medical testimony in *Stubbs-Danielson,* however, did not establish any
16 limitations in concentration, persistence and pace. Here, in contrast, the
medical evidence, establishes, as the ALJ accepted, that Brink does have
17 difficulties with concentration, persistence, or pace. *Stubbs-Danielson,*
therefore is inapposite.
18

19 *Brink. supra*, 343 Fed. App'x at 212 (*citing Stubbs-Danielson v. Astrue*, 539 F.3d 1169,

20 1174 (9th Cir. 2008)).

21       In *Brink*, the court found that the "hypothetical question to the vocational expert

22 should have included not only the limitation to 'simple, repetitive work,' but also Brink's

23 moderate limitations in concentration, persistence, or pace." *Id.; see also Lubin v.*

24

ORDER ON PLAINTIFF'S COMPLAINT - 6

1    *Comm'r. Soc. Sec.,* 507 Fed. App'x. 709, 712 (9th. Cir. 2013) (unpublished opinion)

2    (memorandum opinion) ("Although the ALJ found that Lubin suffered moderate

3    difficulties in maintaining concentration, persistence, or pace, the ALJ erred by not

4    including this limitation in the residual functional capacity determination or in the

5    hypothetical question to the vocational expert").

6           As in *Brink* and *Lubin*, here, the ALJ erred by not including the moderate

7    limitations in maintaining concentration, persistence or pace into the RFC or the

8    hypothetical to the vocational expert ("VE"). *See Brink, supra, at 212; Lubin, supra*, 507

9    Fed. App'x at 712. Here, not only did Drs. Lewis and Brown opine that plaintiff suffered

10    from moderate limitations in maintaining attention, as well as maintaining regular

11    attendance, but also, they explained this opinion in a narrative form (*see* AR. 122, 123,

12    135, 136). Therefore, the ALJ's RFC assessment is not consistent with the restrictions

13    identified in the medical testimony. In addition, the ALJ gave these opinions "significant

14    weight" (AR. 26-27). Furthermore, here, the ALJ himself found that even if plaintiff

15    stopped the substance use, with "regard to concentration, persistence or pace, the

16    claimant would have moderate difficulties" (AR. 15). Therefore, as in *Brink*, "the medical

17    evidence, establishes, as the ALJ accepted, that Brink does have difficulties with

18    concentration, persistence, or pace." *Brink*, *supra,* 343 Fed. App'x at 212. Therefore, the

19    ALJ erred by failing to include these limitations in the RFC and in the hypothetical to the

20    VE. *See also Lubin, supra*, 507 Fed. App'x at 712; *Brink*, *supra,* 343 Fed. App'x at 212.

1    The Court acknowledges that sometimes limitations to simple, repetitive and

2    routine work can adequately capture limitations in concentration, persistence and pace,

3    but this depends on the factual circumstances of the case. *See, e.g., Lee v. Colvin*, 2015

4    U.S. Dist. LEXIS 79067 at 27 (D. Or. April 20, 2015) (unpublished opinion) ("The

5    appropriate individualized analysis turns on whether [or not] a restriction to simple and

6    repetitive work is consistent with restrictions identified in the claimant's medical record")

7    (*citing Stubbs-Danielson, supra*, 539 F.3d at 1173); *Kuharski v. Colvin*, 2014 U.S. Dist.

8    LEXIS 94671 at 9 (E.D. Cal. 2014) (unpublished opinion) ("Consistent with the case-by-

9    case approach employed in these matters, the courts recognize that for plaintiffs who

10   have difficulty *maintaining* focus for extended periods, an RFC of simple, repetitive work

11   does not adequately capture a psychologist's opinion that the plaintiff suffers a moderate

12   limitation in concentration, persistence, or pace") (*citing Brink*, *supra*, 343 Fed. App'x. at

13   212). As noted previously, in *Stubbs-Danielson*, the medical opinion indicated that the

14   claimant had moderate difficulties in concentration, persistence and pace, but in the

15   summary narrative portion of the medical opinion, indicated that given all of the specific

16   limitations, the claimant still could perform simple, repetitive and routine tasks. *Stubbs-

17   Danielson*, *supra*, 539 F.3d at 1173-744. Here, we have the contrary factual presentation,

18   whereby the medical opinions indicate in narrative form that plaintiff's symptoms "will

19   make maintaining attention, regular attendance and normal [work] week moderately

20   difficult" and that his anxiety symptoms and antisocial tendencies "will make responding

21   to changes and stress more difficult" (AR. 122, 123, 135, 136). Similarly, this

22   circumstance presented here is distinguishable from that presented in *Sabin*, where the

claimant "had moderate difficulties in maintaining concentration, persistence, or pace, but . . . . was not significantly limited in completing a normal workday." *Sabin v. Astrue*, 337 Fed. App'x. 617, 621 (9th Cir. 2009) (unpublished opinion). Here, Drs. Brown's and Lewis' opinion, given significant weight by the ALJ, specified in narrative form that plaintiff suffered from moderate difficulties with maintaining regular attendance and completing a normal workweek (*see* AR. 122, 135). Clearly, just because plaintiff is limited to simple tasks when he is at work does not mean that he does not need to maintain regular attendance or complete a normal workweek. The vocational expert ("VE") in this matter indicated that "if someone missed work two times a month on a regular basis, that would result in their being subject to termination" (AR. 110).

In a subsequent appeal of the *Brinks* social security matter to the district court, the court affirmed an ALJ's decision despite again a failure to include a specific limitation in the RFC in the presence of moderate limitation in concentration, persistence and pace. *See Brink v. Astrue*, 2013 U.S. Dist. LEXIS 60186 at (D. Or. April 24, 2013) (unpublished opinion). The court concluded that just because there were moderate limitations "does not necessarily indicate a degree of limitation that must be expressly reflected in the RFC assessment" and found that the ALJ's RFC was supported by specific factual substantive evidence of record. *Id.* at 15 (collecting cases). The Ninth Circuit reversed, indicating that following remand, "the ALJ should identify any additional functional limitations resulting from Brink's impairments in maintaining concentration, persistence, or pace." *Brink v. Comm'r of SSA*, 599 Fed. App'x. 657, 658 (9th Cir. March 15, 2015) (unpublished opinion). The Ninth Circuit added that,

alternatively, "we have not precluded an ALJ from merely including the statement that the claimant suffered from specified deficiencies of concentration, persistence, or pace in a hypothetical, as ALJs have previously done." *Id.* (*citing Garrison v. Colvin*, 759 F.3d 995, 1006 (9th Cir. 2014) ("This person frequently had deficiencies of concentration, persistence, or pace resulting in failure to complete tasks in a timely manner")).

Given the specific circumstances of this case, the Court finds persuasive plaintiff's argument that just "because a person is limited to simple tasks does not mean that there is no need for concentration or persistence" (Dkt. 12, p. 6). Similarly, just because claimant is limited to simple, routine and repetitive tasks does not mean that he does not need to maintain regular attendance at work. Therefore, the Court concludes that the ALJ erred by failing to include in the RFC and in the hypothetical to the VE the moderate limitations assessed by Drs. Lewis and Brown with respect to concentration, persistence, and pace; and with respect to maintaining regular attendance. The ALJ's finding that the RFC limitation to simple, routine, repetitive tasks adequately "addresses the concentration and persistence limits," and any unstated inference that it accommodates the limitations on maintaining regular attendance or completing a full workday/workweek are not findings supported by substantial evidence in the record as a whole and are contrary to Ninth Circuit case law. The Court also concludes that this error is not harmless.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th

Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 2015 U.S. App. LEXIS 11920 at *7-*8 (9th Cir. July 10, 2015) (*citing Stout,* 454 F.3d at 1055-56).

The VE testified that if an individual with plaintiff's RFC could not perform a full eight-hour workday/five days a week, 40-hour workweek, or an equivalent schedule" due to problems in concentration persistence or pace, that all "[full]-time employment would be eliminated" (AR. 110). The VE indicated that "if someone missed work two times a month on a regular basis, that would result in their being subject to termination" (*id.*). The VE also indicated that if a person's performance was reduced by 15%, such would "probably result in the person being subject to termination" (AR. 111). Although defendant is correct that it is unclear whether or not the opined moderate limitations would result in a quantifiable reduction of performance by 15%, the Court nevertheless cannot conclude with confidence that "no reasonable ALJ, when fully crediting the [medical opinions] could have reached a different disability determination.'" *See Marsh*, *supra,* 792 F.3d 1170, 2015 U.S. App. LEXIS 11920 at *7-*8 (*citing Stout, supra,* 454 F.3d at 1055-56). Therefore, the ALJ's error is not harmless. As requested by plaintiff, this matter shall be remanded for a new hearing in order to allow for the ALJ's reassessment of the medical evidence.

1    The Court also notes plaintiff's contention that in contrast to the ALJ's findings

2 that plaintiff's substance use was a material factor in his functioning and that plaintiff

3 would not be disabled absent substance use, the State agency doctors, whose opinions are

4 given significant weight by the ALJ, did not agree with this assessment (*see* Reply, Dkt.

5 19, p. 1 (*citing* AR 132, 133); *see also* AR. 125 ("DAA is involved, but is NOT

6 material"), AR. 138 (same)).

7        **(2)    Did the ALJ fail to include all relevant mental health limitations in the
          RFC and in questions asked of the vocational expert (VE), leading to
8         an incorrect conclusion that plaintiff was able to work as a janitor?**

9        Because the ALJ erred in his assessment of the medical evidence, the RFC must

10 be determined anew following remand of this matter, as should the remainder of the

11 sequential disability evaluation process.

12                                 CONCLUSION

13       Based on the stated reasons and the relevant record, the Court **ORDERS** that this

14 matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §

15 405(g) to the Acting Commissioner for further consideration consistent with this order.

16       **JUDGMENT** should be for plaintiff and the case should be closed.

17       Dated this 23rd day of October, 2015.

18

19

20 _____
   J. Richard Creatura
21 United States Magistrate Judge

22

23

24