UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT LEE PETERS,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

    Defendant.

CASE NO. 15-cv-5198-JRC

ORDER ON PLAINTIFF'S CONTESTED MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. No. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. No. 6). This matter comes before the Court on plaintiff's contested motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (hereinafter "EAJA") and has been fully briefed (*see* Dkt. Nos. 25, 26, 27; *see also* Dkt. Nos. 28, 29).

Subsequent to plaintiff's success at obtaining a reversal of the decision of the Social Security Administration, defendant Commissioner challenged plaintiff's request for statutory attorney's fees on the grounds that the requested fees are unreasonable given the circumstances of this case (*see* Response, Dkt. No. 27 (*citing* 28 § U.S.C. 2412(b))).

After considering and reviewing the record, including plaintiff's Application for Fees, and the attached time and expense sheet (*see* Dkt. No. 26), as well as the excellent results obtained by plaintiff's counsel, the Court concludes that plaintiff's fee request is reasonable (*see* Reply, Dkt. No. 28; *see also* Dkt. 29). Defendant's arguments that the Court should deduct from the award of fees "hours that were documented inadequately or that reflected duplicate efforts, as well as hours that did not contribute to plaintiff's success in litigation" are not persuasive, given the context of this case (Dkt. 27, pp. 1-2). The Court notes that the hours incurred by plaintiff were increased due to an unsuccessful Fed. R. Civ. P. 59(e) motion to amend the judgment by defendant, which also was unpersuasive and which unnecessarily increased the time incurred by plaintiff (*see* Dkt. Nos. 22, 25).

Therefore, plaintiff's motion for fees and expenses is granted pursuant to EAJA in the amount of $8,041.11 in attorney's fees and $20.10 for expenses. This $8,061.21 total amount includes an additional $742.09 in attorney's fees for the additional 3.9 hours incurred by plaintiff replying to defendant's objection to plaintiff's fee petition (*see* Dkt. 28, pp. 8-9).

## BACKGROUND and PROCEDURAL HISTORY

On October 23, 2015, this Court issued an Order reversing and remanding this matter for further consideration by the Administration (*see* Dkt. Nos. 20, 21). On November 20, 2015 defendant filed a motion to amend the judgment (*see* Dkt. 22) which this Court found unpersuasive and denied on December 11, 2015 (Dkt. 25).

Subsequently, plaintiff filed a motion for EAJA attorney's fees, to which defendant objected (*see* Dkt. Nos. 26, 27). Defendant asserts that plaintiff included hours that were documented inadequately or that reflected duplicative efforts, and also included hours that did not contribute to plaintiff's success in litigation (Dkt. No. 26, pp. 1-2). Plaintiff filed a reply (*see* Dkt. No. 28; *see also* Praecipe, Dkt. 29).

## STANDARD OF REVIEW

In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other expenses . . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). The government has the burden of proving that its positions overall were substantially justified. *Hardisty v. Astrue,* 592 F.3d 1072, 1076 n.2 (9th Cir. 2010), *cert. denied,* 179 L.Ed.2d 1215, 2011 U.S. LEXIS 3726 (U.S. 2011) (*citing Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir.

1995)). Further, if the government disputes the reasonableness of the fee, then it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian,* 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley, supra,* 461 U.S. at 433, 436-37.

## DISCUSSION

In this matter, plaintiff clearly was the prevailing party because he received a remand of the matter to the administration for further consideration (*see* Order on Complaint, Dkt. No. 20). In order to award a prevailing plaintiff attorney fees, the EAJA also requires a finding that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). Defendant concedes that the government's position was not substantially justified, and defendant argues that plaintiff's recovery for attorney's fees should be reduced, not eliminated (*see* Defendant's Response to Plaintiff's EAJA Motion for Fees, Dkt. No. 27, p. 1).

The Court agrees with defendant's concession (*see id*.). This conclusion is based on a review of the relevant record, including the government's administrative and litigation positions regarding the evaluation of the medical evidence and the residual functional capacity ("RFC"). For these reasons, and based on a review of the relevant record, the Court concludes that the administration's position in this matter as a whole

was not substantially justified. *See Guitierrez v. Barnhart,* 274 F.3d 1255, 1258-59 (9th Cir. 2001) (citations omitted).

The undersigned also concludes that no special circumstances make an award of attorney fees unjust. See 28 U.S.C. § 2412(d)(1)(A).

Therefore, all that remains is to determine the amount of a reasonable fee. *See* 28 U.S.C. § 2412(b); *Hensley, supra,* 461 U.S. at 433, 436-37; *see also Roberts v. Astrue,* 2011 U.S. Dist. LEXIS 80907 (W.D. Wash. 2011), adopted by 2011 U.S. Dist. LEXIS 80913 (W.D. Wash. 2011).

Once the court determines that a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Hensley, supra,* 461 U.S. at 429, 433 n.7. According to the U.S. Supreme Court, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley, supra,* 461 U.S. at 433.

Here, plaintiff prevailed on the single claim of whether or not the denial of his social security application was based on substantial evidence in the record as a whole and not based on harmful legal error. When the case involves a "common core of facts or will be based on related legal theories . . . . the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *See Hensley, supra,* 461 U.S. at 435.  The Supreme Court concluded that where a plaintiff "has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.*

The Court concludes based on a review of the relevant evidence that plaintiff here obtained excellent results. Although defendant contends that plaintiff only attained partial success because this Court did not discuss every allegation of error by plaintiff, defendant's contention is not persuasive (*see* Dkt. 27, pp. 6-7). Simply because the Court chooses to conserve judicial resources and discusses only one dispositive issue does not mean that the plaintiff has not obtained excellent results. Defendant's contention that plaintiff only achieved "a limited remand for reassessment of the medical opinions of two state agency nonexamining doctors . . . . and a redetermination of the RFC at steps four and five," suggests that defendant did not understand this Court's order. The Court held that as "requested by plaintiff, this matter shall be remanded for a new hearing in order to allow for the ALJ's reassessment of the medical evidence" (*see* Dkt. 20, p. 11). The Court did not hold that only the medical evidence from the two state agency doctors must be re-examined as the Court clearly implicated that the ALJ must reassess all of the medical evidence following a new hearing (*see id.*).

Because the Court concludes that plaintiff achieved excellent results, the Court will look to "the hours reasonably expended on the litigation," which, when combined with the reasonable hourly rate, encompasses the lodestar. *See Hensley, supra,* 461 U.S. at 435. Other relevant factors identified in *Johnson, supra,* 488 F.2d at 717-19 "usually are subsumed within the initial calculation of hours reasonably expended at a reasonably

ORDER ON PLAINTIFF'S CONTESTED MOTION
FOR ATTORNEY'S FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT - 6

hourly rate."[1] *See Hensley, supra,* 461 U.S. at 434 n.9 (other citation omitted); *see also Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975) (adopting *Johnson* factors); *Stevens v. Safeway,* 2008 U.S. Dist. LEXIS 17119 at *40-*41 (C.D. Cal. 2008) ("A court employing th[e *Hensley* lodestar method of the hours reasonably expended multiplied by a reasonable hourly rate] to determine the amount of an attorney's fees award does not directly consider the multi-factor test developed in *Johnson, supra,* 488 F.2d at 717-19, and *Kerr, supra,* 526 F.2d at 69-70"); *but see Goodwin v. Astrue,* 2012 U.S. Dist. LEXIS 97651 at *10-*12, *14-*20 (W.D. Wash. 2012) (applying *Johnson factors*), adopted by 2012 U.S. Dist. LEXIS 97650 (W.D. Wash. 2012).

As defendant does not object to plaintiff's request for reimbursement for expenses and does not object to plaintiff's requested hourly rate for his attorney's fees request, the gravamen of defendant's contentions here concern "the number of hours reasonably expended on the litigation" (*see* Dkt. No. 27, pp. 1-2). *See also Hensley, supra,* 461 U.S. at 433.

---

[1] The *Johnson* factors are: (1) The time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent: (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10); the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson, supra*, 488 F.2d at 717-19) (citations omitted); *see also United States v.Guerette*, 2011 U.S. Dist. LEXIS 21457 at *4-*5 (D. Hi 2011) ("factors one through five have been subsumed" in the determination of a number of hours reasonably expended multiplied by a reasonable rate); *but see City of Burlington v. Dague*, 505 U.S. 557 (1992) (rejecting factor 6 of contingent nature of the fee).

First, the Court will discuss defendant's contention that plaintiff should not receive attorneys fees for "hours that did not contribute to plaintiff's success in litigation" (*see* Dkt. No. 27, pp. 1-2, 7). Defendant suggests that "plaintiff's briefing did not appear to be of much assistance to the court in reaching a decision," because only "sixteen lines of text in his opening brief, and three lines in his reply brief, were relevant to the one issue on which he prevailed" (*id.* at 7). First, as already noted, simply because the Court chooses to conserve judicial resources and discusses only one dispositive issue does not mean that plaintiff has not obtained excellent results. Second, regarding the issue of whether or not the reasonableness of plaintiff's fee request depends on the specific number of pages dedicated to the dispositive issue, this Court previously has addressed this exact contention and found it to be unpersuasive:

> The Court first notes that the reasonableness of plaintiff's fee request depends little on the specific number of pages dedicated to the decisive issue. An issue may be briefed in few pages, but can result in an excellent result, deserving of a fully compensatory fee. For this reason, the Court finds unpersuasive defendant's arguments regarding how many pages of the briefing were dedicated to which particular issues. Similarly, the fact that plaintiff only was awarded a reversal and remand due to one issue, as opposed to multiple issues raised in the briefing, is not dispositive regarding the reasonableness of the hours incurred.

*Mott v. Astrue*, Case No. 2014 U.S. Dist. LEXIS 37829 at *12 (W.D. Wash. 2014) (unpublished opinion).

Although this Court in *Mott* did not find persuasive this argument regarding the number of pages in plaintiff's brief dedicated to the dispositive issue, the Court in *Mott* did conclude that the plaintiff in *Mott* failed to obtain excellent results, in part because

"after 15 pages of discussion of the record, including the ALJ's decision, the court concluded that the medical evidence was evaluated properly by the ALJ, and the analysis of the evidence as it pertains to steps one through four of the sequential disability evaluation process was proper." *Id.* at 13 (citation to the record omitted). In *Mott*, this Court also explicitly "found that 'the ALJ provided clear and convincing reasons for her failure to credit fully plaintiff's testimony and allegations'" *Id.* (citation to the record omitted). Although this Court, in *Mott,* found that the ALJ erred in the very last step of the sequential disability evaluation process, the Court explicitly noted that "many of the findings by the ALJ when making her determination regarding non-disability have been upheld and will not necessarily be changed or disturbed following remand of this matter . . . ." *Id.* This discussion reveals the sharp contrast between *Mott* and the case at bar. Here, the Court has concluded that the ALJ must hold a new hearing, that the medical evidence must be reevaluated, and that the ALJ must determine anew the RFC (*see* Dkt. 20, pp. 11-12). In addition, here, unlike the circumstance in *Mott*, the Court did not "reject [] the majority of [plaintiff's] briefing and plaintiff [did not] achieve[] success on only the narrowest of issues." *Mott*, *supra,* 2012 U.S. Dist. LEXIS at *15.

  Therefore, in this matter before the Court, the Court concludes that plaintiff achieved excellent results, and furthermore, the Court concludes that the specific number of lines in plaintiff's briefing which led to the determination by this Court of the dispositive issue has little bearing on the reasonableness of the fee request, both in general and in the case at bar.

Defendant also argues that plaintiff requested hours "that are excessive, redundant, or otherwise unnecessary, and [thus] has billed for work that is not compensable under the EAJA" (Dkt. 27, p. 2 (citation omitted)). Specifically, defendant argues that plaintiff billed twice for preparing EAJA documents; committed double billing; billed for clerical tasks; and improperly engaged in block billing (*id.,* pp. 3-6).

First, defendant contends that plaintiff improperly billed twice for preparing EAJA documents, noting that counsel for plaintiff "first prepared EAJA documents before the Commissioner filed a motion under Rule 59(e) and counsel prepared EAJA documents after the Court ruled on the Rule 59(e) motion" (*id.*, p. 3). Plaintiff contends that the "submission of the EAJA application is done right after the decision of the court to remand because these decisions are rarely appealed, so there is no purpose to be served in waiting" (Dkt. 28, pp. 2-3). Plaintiff's counsel also notes that he "has been doing Social Security court cases since 1977 and this is the first case in all those years where a FRCP 59(e) motion has been filed in this sort of case" (*id*., p. 1). The Court concludes that plaintiff's reasoning for preparing the EAJA petition immediately following the Court's order is reasonable and that counsel should not have this practice found unreasonable due to a relatively rare occurrence. Defendant argues that if counsel had waited until the deadline to file the EAJA pleadings, he could have prepared the documents only once. However, the Court notes that if defendant had not filed the Rule 59(e) motion, plaintiff also would have needed to prepare the documents only once, and, plaintiff would not have incurred additional hours responding to that motion as well as responding to defendant's objection to the fee petition. It appears to the Court that the size of the fee

petition herein has been increased much due to actions of defendant. The Court concludes that it is reasonable for an attorney to prepare the EAJA petition shortly following the favorable decision from this Court when all of the information is recent and fresh. The fact that a revision to the EAJA petition is necessitated due to increased hours incurred responding to motions and briefs from defendant does not make the hours incurred unreasonable.

Defendant also argues that duplicative work appears in the fee petition on October 2, 2015 when both counsel and his paralegal billed for preparing a transmittal letter to the client that enclosed the reply and response brief (Dkt. 27, pp. 3-4). The itemization of time for October 2, 2015 reveals that the attorney billed 0.6 hours for "review final of reply brief. File with the court. Letter to client sending response and reply brief and explaining appeal process" (Dkt. 26-2). On the same date, the paralegal billed 0.17 hours for preparing the letter to the client with the reply brief and response brief (*see id.*). It appears to the Court that billing 0.6 hours for conducting a final review of a reply brief, filing the brief with the court, and dictating a letter to the client explaining the appeals process is a reasonable amount of time for the attorney to incur on these tasks. It also appears to the Court that having the paralegal spend 0.17 hours in the final preparation of the letter to the client is reasonable. The Court concludes that these hours are reasonable. Defendant also contends that the paralegal billing rate is the appropriate billing rate for this task, however the Court concludes that it was not improper for the attorney to dictate a letter in which he explained the appeals process to the client (*see id.*).

Finally, defendant contends that counsel billed excessive time for dictating letters "as evidenced by the fact that his paralegal did the work in less time, billing 10 minutes to draft the letter, whereas counsel would bill 12 or 18 minutes to dictate letters" (*id.*, p. 4). It does not appear to this Court for it to be unreasonable for counsel to spend more time composing and dictating a letter, then is incurred by the paralegal in typing up the already-dictated letter. It is perfectly reasonable for more time to be incurred composing a letter, then simply in typing it up. Again, defendant's argument is not persuasive.

Defendant's next set of arguments relate to billing for clerical tasks (Dkt. 27, p. 4-5). Defendant contends that plaintiff inappropriately billed 1.3 hours for time spent performing purely clerical tasks, including the filing of documents (*id.*). First, the Court notes that defendant complains about 0.3 hours billed on March 15, 2015, however plaintiff's itemized time sheet reveals no hours incurred on this date.

Second, the Court notes defendant's argument regarding the one hour incurred filing the magistrate consent form, and filing the complaint and summons; explaining the appeals process in a letter dictated to client; drafting a pleading/notice of unavailability and filing it with the court; and the internal filing of the notice of the filing of the administrative record, the scheduling order and the order amending the briefing schedule. The Court also notes plaintiff's argument in response:

> The entry on April 9, 2015 is for downloading the filed pleadings after the IFP was signed and the pleadings were filed of record. This was done by the undersigned because I am the only one in the office with access to the court files. The remaining entries consist of drafting pleadings, filing with the court, downloading pleadings and orders from the court. Again, the undersigned has to do this work [as] no one else in the office has access to the court files.

(Dkt. 28, p. 4). The Court concludes that plaintiff's argument is persuasive, and concludes that the one hour total for these tasks combined is reasonable.

Similarly, the Court concludes that the time incurred on August 7, 2015 and October 2, 2015 filing items with the Court is reasonable.

Defendant's final argument is that plaintiff's use of block billing warrants a reduction of hours (Dkt. 27, pp. 5-6). Defendant argues that the block billing here included 7.7 hours combined for clerical and non-clerical tasks, with the non-clerical tasks referring to the filing of items with the Court (*see* Dkt. 27, p. 6 n.6). However, the Court just addressed this argument regarding filing items with the Court and found it not persuasive. Defendant also faults plaintiff's counsel for reading this Court's order twice, "first on October 26, 2015 and again on November 27, 2015" (*id.*, p. 6, n.5). However, what defendant fails to take note of is that plaintiff's counsel first reviewed this Court's order shortly after it was entered, in order to dictate a letter to the client about this Court's order and in order to draft the EAJA petition; and, reviewed this Court's order on a subsequent occasion, after defendant filed the motion to amend the judgment, in order to prepare a response to said motion (*see* Dkt. 26-2). Such actions are entirely reasonable. Again, it was defendant's filing of a motion to amend the judgment which precipitated the need for plaintiff's counsel to review again this Court's order.[2] Defendant perhaps is making a general argument that multiple hours are billed for tasks such as preparing the opening brief, without delineation of which specific arguments are being prepared or

---

[2] As an aside, one would think that every good order should be read twice.

researched for the brief. The Court has reviewed plaintiff's itemized time sheet and does not find any billing in this respect that does not appear in the vast majority of the EAJA petitions filed in Social Security disability cases (*see* Dkt. 26-2). For example, on August 6, 2015, the time sheet reveals 6.7 hours incurred drafting the opening memo, reviewing the administrative record and researching issues (*see id*.). Similarly, on August 7, 2015, 7.1 hours were incurred drafting the opening memo, reviewing the administrative record and researching issues, as well as proofreading and filing the opening brief with the Court (*see id.*). This "block billing" is appropriate in this context where plaintiff's counsel is the only one in the office with access to the court files, and furthermore, the level of detail in the time itemization sheet is completely consistent with other timesheets submitted for similar cases (*see, e.g*., Case No. 15cv360, Dkt. 20-2, p. 3; Case No. 14cv5825, Dkt. 17-3, p. 1; Case No. 15cv929, Dkt. 19-2, pp. 1-2; Case No. 14cv5772, Dkt. 20-3, pp. 1-2; Case No. 14cv6011, Dkt. 32-1, p. 1; Case No. 15cv187, Dkt. 17-3, p. 1; Case No. 14cv5793, Dkt. 23-1, p. 1; Case No. 15cv861, Dkt. 19-2, p. 1; Case No. 15cv5211, Dkt. 25-3, p. 1 (same attorney); Case No. 15cv5352, Dkt. 17-2, p. 1 (same attorney); Case No. 14cv5770, Dkt 22-3, pp. 1-2; Case No. 14cv5754, Dkt. 24-3, pp. 1-2; Case No. 15cv20, Dkt. 25-4, p. 1, 25-5, p. 1; Case No. 15cv5098, Dkt. 26-3, p. 1, Dkt. 26-4, p. 1). This level of specificity is entirely reasonable. The Court also notes that this exact level of itemization in time sheets has been stipulated to, or not opposed by, defendant, in each and every one of these other cases just cited, including two other cases by this same attorney (*see, e.g*., Case No. 15cv360, Dkt. 21, p. 1; Case No. 14cv5825, Dkt. 18, p. 1; Case No. 15cv929, Dkt. 19, p. 1; Case No. 14cv5772, Dkt. 21, p. 1; Case No. 14cv6011,

Dkt. 31, p. 1; Case No. 15cv187, Dkt. 17, p. 1; Case No. 14cv5793, Dkt. 22, p. 1; Case No. 15cv861, Dkt. 19-1, p. 2; Case No. 15cv5211, Dkt. 25, p. 1 (same attorney); Case No. 15cv5352, Dkt. 17, p. 1 (same attorney); Case No. 14cv5770, Dkt 23, p. 1; Case No. 14cv5754, Dkt. 25, p. 1; Case No. 15cv20, Dkt. 26; Case No. 15cv5098, Dkt. 26, p. 1). Defendant's argument regarding undue block billing is not persuasive.

Given the facts and circumstances of the matter herein, and based on plaintiff's briefing and his petition for fees, including the itemized time expenditures, the Court concludes that the amount of time incurred by plaintiff's attorney in this matter is reasonable. *See Hensley, supra,* 461 U.S. at 435. As plaintiff's attorney "has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.* Plaintiff's request for $7,299.02 for attorney's fees incurred in the underlying matter, as well as the $742.09 in attorney's fees for time incurred defending the fee petition, are reasonable.

Specifically, following a review of plaintiff's request, the Court finds reasonable plaintiff's request for expenses in the amount of $20.10 and for attorney's fees in the amount of $8,041.11, for a total award of $8,061.21.

## CONCLUSION

Plaintiff's request for $20.10 in expenses is granted.

Plaintiff is awarded $8,041.11 in attorney's fees, for a total award of $8,061.21, pursuant to the EAJA and consistent with *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524, 2010 U.S. LEXIS 4763 at ***6-***7 (2010).

Plaintiff's award is subject to any offset allowed pursuant to the Department of Treasury's Offset Program. *See id.* at 2528. If it is determined that plaintiff's EAJA fees

1  are not subject to any offset, the check for EAJA fees shall be made payable to plaintiff's
2  counsel, Charles W. Talbot, Esq., based on plaintiff's assignment of these amounts to
3  plaintiff's attorney (*see* Dkt. 26-3). The check for EAJA fees and expenses shall be
4  mailed to plaintiff's counsel at Talbot and Associates, P.S., 5005 Center Street, Suite E,
5  Tacoma, WA 98409.

Dated this 14th day of March, 2016.

J. Richard Creatura
United States Magistrate Judge